SJL LAW LLP
Julian G. Senior (SBN: 219098)
Jonathan Sniderman (SBN: 327718)
841 Apollo Street, Suite 300
El Segundo, CA 90245
Tel. No.: 424.290.0720
Fax No.: 424.290.0721

Attorneys for Defendant
KIA AMERICA, INC. fka
KIA MOTORS AMERICA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MONISHA C. GORDON,

Plaintiff,

v.

KIA MOTORS AMERICA, INC., and DOES 1 through 100, inclusive,

Defendants.

Case No.: '21CV1290 AJB AHG

(Removed from San Diego Superior Court, Case No.: 37-2021-00026215-CU-BC-CTL)

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)**

[Filed concurrently with Declaration of Jonathan Sniderman and Exhibits 1-3; Civil Cover Sheet; Notice of Party with Financial Interest]

Action Filed: June 16, 2021
Removal Date: July 19, 2021
Trial Date: None

**NOTICE OF REMOVAL**

TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

Defendant Kia America, Inc. fka Kia Motors America, Inc. ("KA") hereby removes this case from the Superior Court of California, County of San Diego, pursuant to 28 U.S.C. § 1441, based upon federal question jurisdiction under 28 U.S.C. §1331.

The basis for removal is as follows:

1. On June 16, 2021, Plaintiff MONISHA C. GORDON filed this civil action in the Superior Court of California, County of San Diego, against KA entitled as follows: Monisha C. Gordon v. Kia Motors America, Inc., Case No. 37-2021-00026215-CU-BC-CTL alleging causes of action relating to the purchase of a 2020 Kia Soul, VIN KNDJ23AU3L7092749.

2. Defendant KA was served with a copy of Plaintiff's Summons and Complaint on June 17, 2021, through its designated agent for service of process, CT Corporation System. (Declaration of Jonathan Sniderman ("Sniderman Decl.") ¶ 2, Exhibit 1.) It was on that date that KA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. (Sniderman Decl. ¶ 2.) This removal notice is timely filed, as 30 days after KA's receipt of the Complaint fell on Saturday, July 17, 2021 and this notice is filed Monday, July 19, 2021 pursuant to Fed. R. Civ. P. Rule 6(a)(1)(C).

3. The Complaint alleges that Defendant violated, among other allegations, the federal Magnuson Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et. seq. (first, second, fourth, and sixth causes of action). (See Compl. ¶¶ 5-19, 23-27, and 34-39, Sniderman Decl. ¶ 2, Exhibit 1.) Thus, this action arises under federal law.

4. The Complaint demands restitution for all monies expended towards the purchase of the 2020 Kia Soul, a civil penalty in the amount of two times Plaintiff's actual damages, and reasonable attorney's fees and costs of suit. (See Complaint Prayer for Relief ¶ 2, 4, 6, Sniderman Decl. ¶ 2, Exhibit 1.)

5. KA answered Plaintiff's Complaint on July 16, 2021. (Sniderman Decl. ¶ 3, Exhibit 2.) No other proceedings have been had in the state court action. (Sniderman Decl. ¶ 4).

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and it is one which may be removed to this Court by defendant KA pursuant to 28 U.S.C. § 1441(a) because the first, second, fourth, and sixth causes of action arise under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*., and satisfy the necessary amount in controversy under that statute.

7. The Superior Court of the State of California for the County of San Diego is located in the Southern District of California. Therefore, venue is proper pursuant to 28 U.S.C. § 84 because this is the "district and division within which such action is pending . . . ." 28 U.S.C. § 1446(a).

8. No previous application has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of San Diego.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUSANT TO 28 U.S.C. § 1331.

### A. This Action Arises Under a Federal Statute

10. The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 as the first, second, fourth, and sixth causes of action arise under the federal Magnuson- Moss Warranty Act, 15 U.S.C. § 2301, *et seq*., and satisfy the necessary amount in controversy under that statute.

11. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1331.) An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

12. This Court has original jurisdiction of Plaintiff's first, second, fourth, and sixth causes of action because each "arises under" a federal statute, *i.e*. 15 U.S.C. § 2301 *et seq*., otherwise known as the Magnuson-Moss Warranty Act.

**B. The Amount in Controversy Requirement of the Magnuson-Moss Warranty Act is Met.**

13. 15 U.S.C. § 2310(d)(1)(B) of the Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection – . . . (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit . . . ." 15 U.S.C. § 2310(d)(3)(B).

14. As detailed below, the amount in controversy requirement is satisfied in this case because the recoverable damages that Plaintiff seeks under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") exceed $50,000.

15. In the event of a breach of an express warranty, the Song-Beverly Act requires a manufacturer to repair, replace or reimburse the buyer for the nonconforming goods. Park City Servs., Inc. v. Ford Motor Co., 144 Cal.App.4th 295, 302 (2006). The Song-Beverly Act also allows a purchaser to recover costs, attorneys' fees and a civil penalty which shall not exceed two times the amount of actual damages. Id.; Cal. Civ. Code § 1794(e).

16. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages and attorneys' fees. See, e.g., Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Also, where an underlying statute provides for a civil penalty, "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." Saulic v. Symantec Corp. (C.D. Cal., Dec. 26, 2007, No. SACV 07-610 AHSPLAX) 2007 WL 5074883, at *4 (citing Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005) and Romo v. FFG Ins. Co., 397 F.Supp.2d 1237, 1240 (C.D.Cal.2005). Civil penalties under the Song-

Beverly Act are included in determining whether amount in controversy was satisfied. Brady v. Mercedes-Benz USA, Inc., 243 F. Supp.2d 1004, 1009 (N.D. Cal. 2002).

17. Here, the total of damages, civil penalty and attorneys' fees will certainly exceed $50,000. Plaintiff seeks restitution for all monies expended towards the purchase of the 2020 Kia Soul. (Complaint Prayer for Relief ¶ 2.) The Complaint does not allege the amount of monies expended towards the purchase of the 2020 Kia Soul, but according to the Monroney label for the Subject Vehicle, the MSRP is $20,170. (Sniderman Decl., ¶ 5, Exhibit 3.) Including a maximum civil penalty of two times actual damages ($40,340), the total amount in controversy is $60,510, not including attorneys' fees.

18. "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." Brady, 243 F. Supp. 2d at 1011.

19. Accordingly, any analysis concluding that this case does not meet the jurisdictional minimum for amount in controversy is incomplete unless it considers a reasonable estimate of fees likely to be incurred to resolution of this dispute.

20. Consequently, Plaintiff's Complaint seeks well in excess of $50,000.00 in monetary damages, civil penalties and attorneys' fees. See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount). Accordingly, the amount in controversy is satisfied.

## II. THIS COURT HAS SUPPLEMENTAL JURISDICTION

21. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is

necessarily one 'of which the district courts . . . have original jurisdiction'…." City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997). Although one of several claims does not "arise under" federal law, removal is still appropriate if that claim is transactionally related (*i.e.* "supplemental") to at least one substantial federal claim. Zuniga v. Blue Cross & Blue Shield of Michigan, 52 F.3d 1395, 1399 (6th Cir. 1995). A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

22. Here, all of Plaintiff's causes of action arise out of the same nucleus of operative facts, *i.e*. the purchase of a 2020 Kia Soul, VIN KNDJ23AU3L7092749, and its alleged warranties. Accordingly, supplemental jurisdiction under 28 U.S.C. § 1367 of Plaintiff's remaining causes of action is appropriate. See Priebe v. Autobarn, Ltd., 240 F.3d 584 (7th Cir. 2001) (where federal jurisdiction existed under Magnuson-Moss, district court properly exercised supplemental jurisdiction over Plaintiff's remaining causes of action including a state fraudulent business practices claim and a common law fraud claim).

23. Based upon the foregoing, all requirements for federal question jurisdiction and removal jurisdiction have been met. Defendant KA therefore requests that this action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

25. KA will promptly notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. § 1446(d).

/ /

Respectfully submitted,

DATED: July 19, 2021 SJL LAW LLP

By: /s/ Jonathan Sniderman
Julian G. Senior
Jonathan Sniderman
Attorneys for Defendant
KIA AMERICA, INC. fka KIA MOTORS AMERICA, INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**DECLARATION OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 841 Apollo St., Suite 300, El Segundo, CA 90245.

On July 19, 2021, I served the foregoing document described as **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)** on all interested parties in this action as follows:

| | |
|---|---|
| Christian S. Scott | **Attorneys for Plaintiff** |
| SCOTT LAW GROUP P.C. | TEL NO.: 866.712.8120 |
| 9665 Chesapeake Dr., Suite 305 | FAX NO.: 866.712.8120 |
| San Diego, CA 92123 | Email: css@scottlawgrouppc.com |

[ ] (**MAIL**) I served a true copy of the document described above by mail as provided by FRCP 5(b)(2)(C), by placing the document in a sealed envelope with postage thereon fully prepaid in a United Stated Post Office box in California addressed to the parties as set forth above.

[X] (**EMAIL**) I emailed/electronically served the document described above to the email addresses of the parties as set forth above.

[ ] (**CM/ECF**) Pursuant to FRCP 5(b)(2)(E), I sent the document described above to the parties as set forth above by filing the document with CM/ECF.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 19, 2021 at El Segundo, California.

Eleonora Comaschi
Print Name

*Eleonora Comaschi*
Signature